No. 95-446

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 191A

_____

RUSSELL EDWARD DORWART )

and HARRY DORWART, )

)

Plaintiffs, Appellants )

and Cross-Respondents, )

) O R D E R

v. )

)

PAUL CARAWAY, individually, and as a )

deputy in the Stillwater County Sheriff's Office; )

DANNY AMES, individually, and as a deputy )

in the Stillwater County Sheriff s Office; CLIFF )

BROPHY, individually, and as Sheriff of )

Stillwater County, Montana; and COUNTY OF )

STILLWATER, State of Montana, )

)

Defendants, Respondents, )

and Cross-Appellants. )

_____

On August 4, 1998, the Opinion of this Court in the above-entitled cause was filed. On August 28, 1998, Appellants and Cross-Respondents filed their Petition for Rehearing.

On September 4, 1998, Respondents and Cross-Appellants filed their Objections to Petition for Rehearing. Thereafter, the Attorney General of Montana and the Montana Bankers Association, having been granted leave by this Court to respond *amicus curiae* to the Petition for Rehearing, filed their responses.

After review of this Court's Opinion issued August 4, 1998, and having considered Appellants' and Cross-Respondents' Petition for Rehearing as well as Respondents' and Cross-Appellants' Objections, and the responses of the referenced *amicus curiae*,

IT IS ORDERED:

1. ¶ 103 of this Court's August 4, 1998 Opinion (Slip Op. at pp. 49-50) is hereby withdrawn and replaced with the following:

*******************************

¶103 In summary, we conclude that, as applied in this case, Montana's post-judgment execution statutes violate state and federal constitutional guarantees of due process of law because they do not provide for notice to a judgment debtor of the seizure of the debtor's property, of the availability of statutory exemptions from execution and where to locate additional information about them, and of the availability of procedures by which to claim exemptions from execution. We further conclude that, as applied in this case, the statutes are deficient from a due process standpoint because they do not provide for a prompt hearing on claimed exemptions. Moreover, the District Court's failure to specify whether it was addressing the statutes on a facial or as applied basis notwithstanding, we deem the court's conclusion to have been on an as applied basis and hold that the District Court did not err in determining that Montana's post-judgment execution statutes are unconstitutional as applied because they do not provide the procedural due process of law required by Article II, Section 17 of the Montana Constitution and the Fourteenth

Amendment to the United States Constitution.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. In all other respects, Appellants' and Cross-Respondents' Petition for Rehearing is DENIED. Let Remittitur issue forthwith.

3. The Clerk is directed to mail true copies of this Order to counsel of record, to the State Reporter Publishing Company, to West Group and to all Montana District Court Judges.

DATED this 12th day of November, 1998.

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

Justice James C. Nelson and Justice Terry N. Trieweiler would deny the petition for rehearing outright.